IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| DARWIN KUMPULA, <br><br> Plaintiff, <br><br> v. <br><br> OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, an Agency of the State of Oregon, BERRI LESLIE, an individual, and DEBRA "DEBBIE" DENNIS, an individual, <br><br> Defendants. | Case No. 25CV50484 <br><br> **COMPLAINT– Violations of ORS 408.230 (Veteran Preference Violation), ORS 659A.030 (Race, and Gender), ORS 659A.082 (Veteran Discrimination), ORS 659A.112 (Disability Discrimination), ORS 659A.199 and ORS 659A.203 (Whistleblowing Discrimination), 42 U.S.C. § 1983 (Equal Protection and Due Process), 42 U.S.C. § 2000e-2 (Race and Gender), and 38 U.S.C. §4311 (USERRA)** <br><br> (Prayer: $995,000.00) <br><br> (Fee Authority; ORS 21.160(c)) <br><br> (Jury Trial Requested; Not Subject to Mandatory Arbitration) |

Plaintiff alleges:

## **JURISDICTION AND VENUE**

1.

Plaintiff, Darwin Kumpula ("Plaintiff"), is a resident of Polk County, Oregon. Defendant, The Oregon Department of Administrative Services ("DAS"), is an agency of the state of Oregon with its headquarters in Marion County, Oregon. DAS is a "public body" as

**Page 1 –Complaint**

1   defined by ORS 30.260.  DAS "is subject to civil actions for its torts and those of its officers,

2   employees and agents acting within the scope of their employment or duties."  ORS 30.265.

3   DAS is an "employer" as that term is defined in ORS Chapter 659A.  All conditions precedent

4   to the initiation of this Complaint have been met.  Plaintiff provided Defendant with tort claims

5   notices dated March 4, 2024 and October 22, 2024.  Plaintiff timely co-filed a Complaint of

6   discrimination with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal

7   employment Opportunity Commission ("EEOC") and received a 90 day right to sue notice from

8   BOLI dated July 15, 2025 and the EEOC dated August 14, 2025.  Plaintiff requests a jury trial

9   in this matter.

10                                          2.

11          Venue is appropriate in this Court, because Defendant is headquartered in Marion

12  County, Oregon and acts giving rise to this Complaint occurred in Marion County, Oregon.

13                              **FACTUAL ALLEGATIONS**

14                                          3.

15          Plaintiff is a Caucasian male and a disabled Veteran who served in the United States

16  Army for 30 years, retiring on June 1, 2014, with the rank of Colonel.  Plaintiff suffers from

17  Post Traumatic Stress Disorder ("PTSD") as a result of his service.  At the time of Plaintiff's

18  recruitment and initial employment with DAS, Plaintiff submitted the necessary DD214 and as

19  well as a letter from the U.S. Department of Veterans Affairs indicating his service as well as a

20  disability rating that qualified him as a disabled Veteran under DAS State HR Policy

21  40.055.04(3).

22                                          4.

23          On or about August 11, 2014, Plaintiff was hired by DAS as a Principal

24  Executive/Manager E in the Procurement Services section; later becoming the Deputy State

**Page 2 –Complaint**

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET STREET NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

1    Chief Procurement Officer ("DSCPO").  Plaintiff has been a managerial and leadership role

2    throughout his employment at DAS.

3                                          5.

4         Defendant, Oregon DAS, is located at 155 Cottage St NE, Salem, OR 97301.  At all

5    times material to this Complaint, Defendant Debra "Debbie" Dennis ("Dennis") was a

6    management level employee of DAS culminating in her position as Chief Administrative

7    Officer and Deputy Director.  At all times material to this Complaint, Defendant Berri Leslie

8    ("Leslie") was the Director of DAS.  Defendants Dennis and Leslie are sued in their individual

9    capacities.

10                                         6.

11        Shortly after Plaintiff's employment began, Dennis, then Plaintiff's supervisor, informed

12   him that employees complained about his communications style but was evasive in providing

13   additional information.  Plaintiff asked if Dennis was referring to his military background and

14   Dennis confirmed that she was.  Dennis failed to provide context or facilitate direction and

15   resolution, fostering a hostile work environment.

16                                         7.

17        Plaintiff requested that Dennis send employees that had concerns to him so that they

18   could work out any difficulties that may exist.  Dennis failed to do so and instead fielded

19   complaints from Plaintiff's subordinates in a manner that undermined his authority.

20                                         8.

21         Dennis repeatedly undermined Plaintiff in meetings, degraded his leadership abilities,

22   and made statements such as "you are not a leader," causing significant stress, anxiety, and

23   exacerbation of his PTSD.

24   ///

**Page 3 –Complaint**

9.

Plaintiff supervised Shirley Smith ("Smith"), who targeted Plaintiff with harassment and baseless complaints. Plaintiff's military service was a substantial factor in Smith's treatment of Plaintiff. Smith communicated a belief that the military was responsible for her past domestic abuse by a service member. Dennis was a conduit for Smith's treatment of Plaintiff, Dennis supported Smith's actions, and Dennis prevented Plaintiff from holding Smith accountable. On February 1, 2018, Dennis issued a written reprimand to Plaintiff for his alleged treatment of Smith. This conduct degraded team morale and Plaintiff's authority.

10.

Upon information and belief, Dennis created a backdoor channel for women to go directly to her outside of normal protocols in order to complain about Plaintiff, which caused him to be placed on investigation.

11.

Plaintiff was told by Dennis that employees had concerns about his communication style. Plaintiff asked what Dennis meant by that as well as context. Dennis responded that employees stated, "You know why he is this way." Plaintiff responded that he did not know what she was referring to and requested some context. Eventually Plaintiff questioned if Dennis was referring to his military background or experience. Dennis said yes and appeared relieved that Plaintiff was able to guess. Dennis continued with these actions and statements regarding Plaintiff's veteran status, and the military's perceived impact on him, throughout Plaintiff's employment. Dennis regularly degraded Plaintiff during one-on-one meetings and questioned his ability to lead.

///

///

**Page 4 – Complaint**

12.

On or about November 2017, Kelly Mix ("Mix") became Plaintiff's direct supervisor with Dennis above him. Dennis made disparaging statements about Plaintiff to Mix before Mix began supervising him. This created a difficult working relationship between Mix and Plaintiff until Mix was able to observe that the statements made about Plaintiff were not true.

13.

In or around April 2019, Plaintiff emailed his supervisor, Mix about Smith's hostility toward his military service. Plaintiff stated, "I am open to any ideas along with how we can overcome the underlying issue of my service with Shirley. I have removed all (military) items from my office and discussion with anyone around my service." Smith's harassment continued, culminating in a June 2019 outburst and a complaint against Plaintiff.

14.

DAS investigated the June 2019 incident but failed to address Plaintiff's concern about Smith's targeted harassment. A union protest labeled Plaintiff a bully, worsening the hostile work environment. Mediation attempts failed due to Smith's non-participation.

15.

In 2021, Mix asked Plaintiff to serve as Deputy State Chief Procurement Officer ("DSCPO") out of class in the position. Plaintiff expressed concern about Dennis's lack of support, citing her prior statements and treatment of Plaintiff. Mix assured Plaintiff he had already spoken to Dennis. Plaintiff agreed to assume the duties of the DSCPO position.

16.

In 2022, after Plaintiff had been assuming the duties of DSCPO for approximately a year, Mix asked Dennis to direct appoint Plaintiff; something that is common for positions like this as evidenced by Dennis previously direct appointing MIX to the SCPO. Dennis refused to

**Page 5 –Complaint**

1  directly appoint Plaintiff to DSCPO requiring Mix to jump through hoops to conduct a

2  competitive recruitment despite Plaintiff's qualifications.  Dennis' treatment of Plaintiff further

3  evidenced her discriminatory animus towards him.  Plaintiff was selected after recruitment as he

4  very qualified and had been successfully filling the position previously.

5                                          17.

6         Plaintiff's performance reviews from Mix (2020-2023) consistently praised his

7  leadership, integrity, and contributions, noting his "exceptional ability" and role in building a

8  "high performing procurement organization."

9                                          18.

10        In or about May 2023, Mix informed Dennis that he would be retiring in January 2024.

11  Mix requested that Dennis consider Plaintiff for the position, but she did not do so.

12                                         19.

13        Plaintiff was required to attend Executive Team Meetings.  In or around June 2023, a

14  Diversity, Equity, and Inclusion - Belonging ("DEI-B") in-person meeting was led by Leslie.

15  Plaintiff was one of approximately six men in the meeting.  Most of the executive managers in

16  the room were women.  Leslie made statements that women are oppressed in leadership,

17  alienating male attendees, including Plaintiff, fostering exclusion.

18                                         20.

19        Throughout Plaintiff's employment, he has been required to regularly attend meetings

20  and trainings regarding DAS's diversity, equity, and inclusion policies and procedures.

21                                         21.

22        When Smith left DAS in July 2023, she sent a group email out that was disparaging

23  towards Plaintiff.  Plaintiff complained about this.  Dennis dismissed the concern as it was just

24  Smith being Smith.  Upon information and belief, not action was taken to investigate Smith's

**Page 6 –Complaint**

remarks.  After Smith left DAS, she continued to be employed in state government at another state agency where she had interactions with Plaintiff.  Smith continued to create a hostile work environment towards Plaintiff from her new position that Dennis allowed, fostered, and investigated Plaintiff regarding.

22.

Mix and Plaintiff discussed the need for the new SCPO to have Oregon procurement law experience.  Mix communicated to Plaintiff that he had discussed this with Dennis.  On or about September 13, 2023, Plaintiff discussed with Dennis that Plaintiff would be applying for the State Chief Procurement Officer ("SCPO") position.  Plaintiff also discussed the need for the new SCPO to have Oregon procurement law knowledge to avoid straining program operations.  Plaintiff told Dennis that it would be impossible for him to train a new SCPO on Oregon procurement law while also handling the workload until the new SCPO was up to speed, and it could negatively impact the program.  Plaintiff expressed concern that, if this happened, he would fail the new person, his team, and the organization.  Dennis would later mischaracterize this as a threat that Plaintiff would not support a new SCPO if Plaintiff did not receive the position.

23.

In the fall of 2023, Plaintiff applied for the SCPO position.

24.

On December 11, 2023, Plaintiff interviewed for SCPO.  The executive panel consisted of five members, three white females, a black female and a black male.  The panel included Dennis and Leslie.  Questions focused heavily on DEI rather than job requirements of the position including providing written interview questions that focused on DEI.  Plaintiff responded to a question stating that communication is very important for this position and

**Page 7 –Complaint**

1    sometimes it is impossible to comply with Leslie's required 24 hour email response time due to

2    the volume, complexity, meetings and phone call.  After the interview, Dennis mischaracterized

3    Plaintiff's response in a discussion with Mix, and she instructed Mix to issue Plaintiff a

4    disciplinary action of verbal counseling which Mix did.

5                                              25.

6          The panel led by Dennis and Leslie selected Stephen Nelson, a male of Asian descent,

7    for SCPO, notifying Plaintiff on December 20, 2023, that Nelson's "experience and values align

8    closely with the vision of a customer-focused, high performing procurement organization"

9    implying Plaintiff lacked these qualities despite his qualifications, institutional knowledge, and

10   past performance. Later that day, Dennis sent out an email to the Procurement Services

11   leadership team announcing the hire and left Plaintiff off the email.

12                                             26.

13         DAS failed to apply mandatory veteran preference points to his SCPO application, in

14   violation of DAS Policy 40.055.04, which requires automatic application for eligible veterans.

15   DAS claims Plaintiff declined preference points, a record Plaintiff disputes, and failed to

16   provide a required written explanation for the hiring decision.

17                                             27.

18         On January 9, 2024, Dennis coerced Plaintiff into a virtual meeting under false

19   pretenses.  Dennis brought HR representative Amber Daniels ("Daniels") to the meeting with

20   her.  Dennis accused Plaintiff of misconduct without prior notice or the opportunity to have a

21   witness or counsel present as is required under personnel rules. Dennis read from a script the

22   allegations which had been prepared in advance and provided no opportunity for discussion then

23   abruptly disconnected from the meeting when she completed.  These accusations began another

24   ///

**Law Office of Larry L. Linder, LLC**
3000 Market Street NE, Suite 150
Salem, OR 97301
(t)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

1  disciplinary investigation into Plaintiff's conduct, based in part on the allegation for which

2  Dennis already issued Plaintiff a verbal counsel.

3  28.

4  Immediately after leaving the virtual meeting referenced in paragraph 25, Dennis sent an

5  email containing the script read during the meeting which called in to question the Plaintiff's

6  integrity and leadership, triggering his PTSD, despite her awareness of his condition.  Dennis

7  stated, "Over the past month, several examples have emerged that have made it clear that you

8  have not been adhering to these expectations and your value or commitment to excellent

9  customer service is not in alignment with the direction of our organization." She stated she has

10  "trouble seeing a path forward for you as a leader within Procurement Services." She accused

11  him of being "misaligned" with the agency. The email finished with her statement that she,

12  "need(s) to look forward to the success of this team and their ability to embrace the vision of

13  Director Leslie as well as all that the new CPO brings to the table."

14  29.

15  Dennis's allegations included mischaracterizations of Plaintiff's interview comments,

16  his response to Smith's harassment of a subordinate in 2023, and a false claim that Plaintiff

17  threatened not to support the new SCPO.  An HR investigation followed, which Plaintiff

18  believes was intended to force his departure.

19  30.

20  Prior to March 4, 2024, Plaintiff during an in-person meeting presentation of the State

21  Disparity Study questioned why Veteran's were removed from the study.  The study also

22  indicated bias against Caucasian males.  On or about March 4, 2024, Plaintiff had a disciplinary

23  investigatory meeting.   Plaintiff hand delivered a discrimination complaint and Tort Claims

24  Notice to Amber Daniels, requesting an explanation for the SCPO hiring decision.  On the same

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

day, Leslie issued a message emphasizing DEI leadership and addressing inappropriate behavior, which Plaintiff perceived as a retaliatory response to his complaint.

31.

On or about March 8, 2024, DAS communicated to Plaintiff that it did not apply veterans preference points to his application for the SCPO position alleging that Plaintiff requested that they not be applied.

32.

On or about March 21, 2024, Plaintiff received notification that his position was reclassified effective March 15, 2024 from management service to executive service thus removing procedural protections regarding his employment.

33.

On or about April 16, 2024, Dennis emailed Plaintiff to schedule a "Check In" meeting with herself and Nelson to discuss performance expectations, claiming it was non-disciplinary."

34.

Plaintiff had been applying for positions within other State agencies, and also with SAIF.  Plaintiff applied for the open position of Vendor and Procurement Manager at SAIF. Plaintiff was qualified for this position.  Plaintiff went through the interview process.

35.

On or about April 25, 2024, Plaintiff was notified that he did not receive the position of Vendor and Procurement Manager at SAIF.  Upon information and belief, individuals at DAS, including Leslie and Dennis, discriminated and retaliated against Plaintiff in the information provided to SAIF in the hiring process which negatively impacted his candidacy for the position which led to him being denied employment with SAIF.

///

**Page 10 –Complaint**

36.

Plaintiff applied for an open position at Oregon Department of Veterans Affairs ("ODVA") for its Deputy Director position.  Plaintiff was qualified for this position. Plaintiff was notified that he did not receive the position at ODVA.  Upon information and belief, individuals at DAS, including Leslie and Dennis, discriminated and retaliated against Plaintiff in the information provided to ODVA in the hiring process which negatively impacted his candidacy for the position leading to him being denied employment with ODVA.

37.

DAS hired an outside investigator, Michael Tom ("Tom"), to investigate Plaintiff's complaint.  Plaintiff was interviewed on April 4, 2024 and May 6, 2024.  Plaintiff provided witnesses to the investigator that were never spoken to as part of the investigation.  Upon information and belief, rather than fully investigating Plaintiff's complaints of discrimination, Tom interviewed witnesses regarding Plaintiff's leadership style and failed to ask them about discriminatory conduct that Plaintiff reported.

38.

On or about April 17, 2024, Plaintiff was required to meet with Nelson and Dennis regarding the ongoing disciplinary investigation into his conduct without Plaintiff's counsel present. This meeting was recorded at Plaintiff's request, and resulted in a Letter of Expectation ("LOE") imposing communication and customer service standards.  Plaintiff disputes the provided transcript's accuracy, perceiving the meeting as retaliatory scrutiny for his complaints.

39.

Consistent with DAS's meeting and training Plaintiff had to attend regarding DAS's DEI policies and focus, on or about April 22, 2024, Leslie issued a message announcing a DEIB

///

**Law Office of Larry L. Linder, LLC**
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

1   Council prioritizing diverse representation evidencing DAS's focus on systemic bias and

2   retaliation.

3                                    40.

4          On or about July 30, 2024, DAS issued a closure letter stating that Tom's investigation

5   found Plaintiff's complaints unsubstantiated.  Plaintiff disputed this conclusion in August 16,

6   2024 correspondence.  The correspondence outlined the deficiencies in the investigation and its

7   focus on Plaintiff's conduct rather than his treatment by others.   The correspondence

8   communicated that Tom failed to interview all key witnesses, focused on leadership style over

9   discrimination, and reliance on historical performance concerns while ignoring 2020-2023

10  reviews and evidence of Dennis's animus.  DAS took no steps to re-open the investigation or

11  cure its deficiencies after receiving this communication.

12                                   41.

13         On or about August 16, 2024, Plaintiff provided DAS a response to the August 5, 2024

14  notice of denial of his tort claims notice.  In that response, Plaintiff outlined that the manner of

15  investigation had the appearance of investigating Plaintiff rather than the Complaint he made.

16  This response addressed that DAS addressed negligence, which was not alleged, and failed to

17  investigate Plaintiff's intentional tort claims adequately, further evidencing procedural

18  unfairness, bias, and lack of investigation.   Plaintiff also communicated that DAS's

19  determination, based on "a careful review of all information available" was not factually

20  accurate as witnesses were not interviewed and those that were interviewed were not asked

21  about the claims Plaintiff raised.  DAS took no steps to re-open the investigation or cure its

22  deficiencies after receiving this communication.

23  ///

24  ///

**Page 12 –Complaint**

42.

On or about October 2, 2024, Plaintiff filed a supplemental tort claims notice outlining the discrimination and retaliation that DAS inflicted upon during Plaintiff's recruitment process for positions outside of DAS.

43.

Throughout Plaintiff's employment, Dennis has repeatedly scrutinized Plaintiff's work disparately in comparison to female and minority employees. This has included requiring weekly meetings with Plaintiff.

44.

In or about December 2024, Leslie began requiring Plaintiff to meet with her weekly further increasing the scrutiny he was subjected to.

45.

On or about July 25, 2025, Plaintiff received an email from DAS HR notifying him of a new investigation into alleged violations of DAS policies on ADA, discrimination, and professional workplace conduct, requiring his cooperation and warning against retaliation. Plaintiff acknowledged receipt on July 30, 2025, perceiving the investigation. This is the third time Dennis has required Nelson to place Plaintiff under review of his Letter of Expectation.

46.

Plaintiff alleges DAS's 2021 DEI Action Plain and related initiatives, including the State Disparity Study, institutionalized discriminatory practices by prioritizing certain racial and gender groups over Caucasian males and removing veterans from the study completely. Plaintiff has been subjected to these discriminatory practices. During a Disparity Study presentation, a BBC Research and Consulting presentation stated that lawsuits challenging such

///

**Page 13 –Complaint**

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

studies are brought by "white men" suggesting bias against their concerns, conflicting with ORS 659A.030, Title VII, and Section 20 of the Oregon Constitution.

47.

Plaintiff has suffered emotional distress, exacerbation of his PTSD, and professional harm due to Defendants' discriminatory and retaliatory action.

## FIRST CLAIM FOR RELIEF AGAINST BERRI LESLIE AND DEBBIE DENNIS – VIOLATION OF 42 U.S.C. §1983

### Count 1 - (Equal Protection – Race Discrimination)

48.

Plaintiff re-alleges paragraphs 1-47.  Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

49.

Defendants Leslie and Dennis, acting under color of state law as DAS Director and Deputy Director, respectively, in an individual capacity, misused their powers with a conscious disregard for Plaintiff's constitutional rights. In addition, or in the alternative, their conduct was wanton, reckless, and in disregard of Plaintiff's well-established constitutional rights and they knew or reasonably should have known that their conduct was below the standard prescribed by law herein. Defendants Leslie and Dennis's conduct was well defined by law and each of them knew or reasonably should have known that their conduct was below the standard prescribed by law herein.  Defendants Leslie and Dennis deprived Plaintiff of his equal protection rights under

**Page 14 – Complaint**

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

1   the Fourteenth Amendment by intentionally discriminating against him based on his race

2   (Caucasian).

3                                         50.

4          Defendants Leslie and Dennis intentionally discriminated against Plaintiff based on his

5   race (Caucasian) by implementing and enforcing the 2021 DEI Action Plain, State Disparity

6   Study, and DEIB Council, which prioritized non-Caucasian groups, resulting in adverse

7   treatment in the State Chief Procurement Officer ("SCPO") hiring process, failure to provide

8   Plaintiff's veteran preference points in employment decisions, failure to interview Plaintiff's

9   witnesses in his discrimination complaint, allowing employees to go outside the chain of

10  command to complain about Plaintiff, re-investigating Plaintiff for actions that he was already

11  disciplined for, providing inaccurate references regarding Plaintiff's performance, subjecting

12  Plaintiff to undue scrutiny, a hostile work environment, and retaliation for Plaintiff raising the

13  gender discrimination complaint.  Defendants Leslie and Dennis misused their powers with a

14  willful and malicious intent to deprive Plaintiff of his right to equal protection and cause him

15  grievous injuries thereby. Individual Defendants, in acting to deprive Plaintiff of equal protection

16  under the laws acted intentionally, knowingly, willfully, and with gross disregard to Plaintiff's

17  rights.  In doing so, said Defendants violated 42 U.S.C. §1983.

18                                        51.

19         The constitutional violation caused the damage alleged above.  As a result of Defendant

20  Leslie and Defendant Dennis's unlawful employment actions, Plaintiff suffered and continues to

21  suffer humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free

22  from having his Constitutional rights violated.  Plaintiff has also suffered, and continues to

23  suffer, economic damages, including, but not limited to, past and future wages, past and future

24  benefits, and other expenses.

**Page 15 –Complaint**

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

52.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

54.

Plaintiff requests a declaration by this Court that Defendants Leslie and Dennis violated 42 U.S.C. § 1983, that this Court require Defendants Leslie and Dennis to undergo discrimination training based on ORS 659A.030, 42 U.S.C. § 1983, and the Oregon Constitution Section 20, in addition to any other equitable relief that this Court deems justified.

55.

As a result of Defendant Leslie and Defendant Dennis's violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of trial as a result Defendant Leslie and Defendant Dennis's violation of Plaintiff's Constitutional rights. Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 U.S.C. § 1981, and § 1988, and to appropriate injunctive relief.

## **Count 2 - (Equal Protection – Gender Discrimination)**

56.

Plaintiff re-alleges paragraphs 1-47. Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

1  person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

2  secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

3                                           57.

4          Defendants Leslie and Dennis, acting under color of state law as DAS Director and

5  Deputy Director, respectively, in an individual capacity, misused their powers with a conscious

6  disregard for Plaintiff's constitutional rights. In addition, or in the alternative, their conduct was

7  wanton, reckless, and in disregard of Plaintiff's well-established constitutional rights and they

8  knew or reasonably should have known that their conduct was below the standard prescribed by

9  law herein. Individual Defendants' conduct was well defined by law and each of them knew or

10 reasonably should have known that their conduct was below the standard prescribed by law

11 herein.  Defendants Leslie and Dennis deprived Plaintiff of his equal protection rights under the

12 Fourteenth Amendment by intentionally discriminating against him based on his gender (male).

13                                           58.

14         Defendants Leslie and Dennis intentionally discriminated against Plaintiff based on his

15 gender (male) by implementing and enforcing the 2021 DEI Action Plain, State Disparity Study,

16 and DEIB Council, which prioritized non-male groups, resulting in adverse treatment in the State

17 Chief Procurement Officer ("SCPO") hiring process, failure to provide Plaintiff's veteran

18 preference points in employment decisions, failure to interview Plaintiff's witnesses in his

19 discrimination complaint and turning the investigation on Plaintiff, allowing employees to go

20 outside the chain of command to complain about Plaintiff, re-investigating Plaintiff for actions

21 that he was already disciplined for, providing inaccurate references regarding Plaintiff's

22 performance, subjecting Plaintiff to undue scrutiny including weekly meetings with Leslie and

23 Dennis, a hostile work environment, and retaliation for Plaintiff raising the gender discrimination

24 complaint.  Defendants Leslie and Dennis misused their powers with a willful and malicious

**Page 17 –Complaint**

1  intent to deprive Plaintiff of his right to equal protection and cause him grievous injuries thereby.

2  Defendants Leslie and Dennis, in acting to deprive Plaintiff of equal protection under the laws

3  acted intentionally, knowingly, willfully, and with gross disregard to Plaintiff's rights.  In doing

4  so, said Defendants violated 42 U.S.C. §1983.

5                                              59.

6      The constitutional violation caused the damage alleged above.  As a result of Defendant

7  Leslie and Defendant Dennis's unlawful employment actions, Plaintiff suffered and continues to

8  suffer humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free

9  from having his Constitutional rights violated.  Plaintiff has also suffered, and continues to

10 suffer, economic damages, including, but not limited to, past and future wages, past and future

11 benefits, and other expenses.

12                                             60.

13     Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for

14 emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

15 non-pecuniary losses.

16                                             61.

17     Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay,

18 lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

19                                             62.

20     Plaintiff requests a declaration by this Court that Defendants Leslie and Dennis violated

21 42 U.S.C. § 1983, that this Court require Defendants Leslie and Dennis to undergo

22 discrimination training based on ORS 659A.030, 42 U.S.C. § 1983, and the Oregon

23 Constitution Section 20,  in addition to any other equitable relief that this Court deems justified.

24 ///

**Page 18 –Complaint**

63.

As a result of Defendant Leslie and Defendant Dennis's violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of trial as a result Defendant Leslie and Defendant Dennis's violation of Plaintiff's Constitutional rights.

64.

Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 U.S.C. §1981, and §1988, and to appropriate injunctive relief.

**SECOND CLAIM FOR RELIEF AGAINST BERRI LESLIE AND DEBBIE DENNIS– 42 U.S.C. §1983-VIOLATION OF DUE PROCESS RIGHTS**

65.

Plaintiff incorporates by reference paragraphs 1-47 as if fully set forth herein.   Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

66.

Defendant Dennis, acting under color of state law, deprived Plaintiff of his due process rights under the Fourteenth Amendment by denying him fair procedures in employment actions.

67.

Dennis conducted coercive meetings on January 9 and April 17, 2024, without adequate notice or opportunity for representation and provided an inaccurate transcript of the April 17,

**Page 19 –Complaint**

2024 meeting.  Defendants Leslie and Dennis failed to apply mandatory veteran preference points in the SCPO hiring process in violation of DAS Policy 40.005.04, failed to have Plaintiff's witnesses interviewed in his discrimination complaint and/or focused interview questions on Plaintiff's conduct rather than the discriminatory conduct towards Plaintiff, allowed employees to go outside the chain of command and procedural processes to complain about Plaintiff, re-investigated Plaintiff for actions that he was already disciplined for, provided inaccurate references regarding Plaintiff's performance, and subjected Plaintiff to undue scrutiny.

68.

The constitutional violation caused the damage alleged above.  As a result of Defendant Leslie and Defendant Dennis's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free from having his Constitutional rights violated.  Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

69.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

///

///

**Page 20 –Complaint**

71.

Plaintiff requests a declaration by this Court that Defendant Leslie and Defendant Dennis violated 42 U.S.C. § 1983, that this Court require Defendant Leslie and Defendant Dennis to undergo discrimination training based on ORS 659A.030, 42 U.S.C. § 1983, and the Oregon Constitution Section 20,  in addition to any other equitable relief that this Court deems justified.

72.

As a result of Defendant Leslie and Defendant Dennis's violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of trial as a result Defendant Leslie and Defendant Dennis's violation of Plaintiff's Constitutional rights.  Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 U.S.C. § 1981, and § 1988, and to appropriate injunctive relief.

### THIRD CLAIM AGAINST DAS – VIOLATIONS OF ORS 659A.030

### Count 1 –Gender Discrimination (Disparate Treatment)

73.

Plaintiff re-alleges paragraphs 1-47.  According to ORS 659A.030(b) it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . .  to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."

///

///

**Page 21 –Complaint**

74.

During the course of Plaintiff's employment with DAS, Plaintiff suffered from discrimination based on his gender.  Incidents of gender discrimination committed by DAS adversely affected Plaintiff's terms, conditions, and privileges of his employment in violation of ORS 659A.030.

75.

DAS discriminated against Plaintiff in the terms, conditions, and privileges of his employment on the basis of his gender.  The State of Oregon/DAS has a pattern and practice of discriminating against male employees at DAS on the basis of their gender, and Plaintiff was subjected to this pattern and practice of discriminatory treatment.   DAS intentionally discriminated against Plaintiff based on his gender (male) by implementing and enforcing the 2021 DEI Action Plan, State Disparity Study, and DEIB Council, which prioritized non-male groups, resulting in adverse treatment in recruitment, hiring, promotion, and other employment decisions that Plaintiff was subjected to.

76.

As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

77.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**Page 22 –Complaint**

78.

Plaintiff is entitled to equitable relief as defined by ORS 659A.885(1) of an award of back pay, lost benefits, future lost earnings and benefits, other compensatory damages for future pecuniary losses, and any other equitable relief this Court deems just and proper.

79.

Plaintiff requests a declaration by this Court that DAS violated ORS 659A.030, that this Court require DAS to provide discrimination training to Defendant employees, that this Court require DAS to adopt effective procedures to ameliorate the discriminatory practices at DAS, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

80.

As a result of Defendant's violations of ORS 659A.030, Plaintiff requests equitable relief, economic damages in an amount not to exceed $200,000.00 and to be determined by a jury at the time of trial for back pay, benefits, and front pay, and compensatory damages not to exceed $795,000.00 and to be determined by a jury at the time of trial. To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

81.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

///

///

///

**Page 23 –Complaint**

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

**Count 2 – Retaliation**

82.

Plaintiff realleges paragraphs 1- 47.  According to ORS 659A.030(1)(f) it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so.  Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, and privileges of employment and is a direct violation of this statute.

83.

Plaintiff suffered from retaliation based on his good faith report of gender discrimination as described in the paragraphs above.  DAS retaliated against Plaintiff for engaging in protected activity as alleged above, that includes, but is not limited to, failing to promote Plaintiff to SCPO, failing to follow veteran preference statutes and policy, DAS's investigator focusing his investigation on Plaintiff's conduct and performance rather than the allegations of discrimination that Plaintiff raised, by investigating Plaintiff for misconduct on multiple occasions and issuing him a letter of instruction, providing Plaintiff negative employment references, requiring Plaintiff to attend weekly meetings With Dennis and Leslie, subjecting Plaintiff to increased scrutiny, and failing to follow required procedure in its investigatory process against Plaintiff.  Defendant's employees' retaliation toward Plaintiff negatively affected his compensation, terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f).

///

///

**Page 24 –Complaint**

84.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85.

Plaintiff is entitled to equitable relief as defined by ORS 659A.885(1) of an award of back pay, lost benefits, future lost earnings and benefits, other compensatory damages for future pecuniary losses, and any other equitable relief this Court deems just and proper.

86.

Plaintiff requests a declaration by this Court that Defendant violated ORS 659A.030, that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

87.

As a result of Defendant's violations of ORS 659A.030, Plaintiff requests equitable relief, economic damages in an amount not to exceed $200,000.00 and to be determined by a jury at the time of trial for back pay, benefits, and front pay, and compensatory damages not to exceed $795,000.00 and to be determined by a jury at the time of trial. To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

///

///

**Page 25 –Complaint**

88.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**Count 3 - Gender Discrimination (Hostile Work Environment)**

89.

Plaintiff realleges paragraphs 1-47. According to ORS 659A.030(1)(b) it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment." Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

90.

Defendant discriminated against Plaintiff based upon his gender. Defendant's actions, and the actions of its employees, created a hostile work environment toward men that Plaintiff was subjected to. Defendant's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform his job and caused Plaintiff to suffer emotional distress in the performance of his job in violation of ORS 659A.030.

91.

As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff

///

**Page 26 –Complaint**

1    has also suffered, and continues to suffer economic damages, including, but not limited to, past

2    and future wages, past and future benefits, and other expenses.

3                                               92.

4         Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for

5    emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

6    non-pecuniary losses.

7                                               93.

8         Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay,

9    lost benefits, future lost earnings and benefits, and other compensatory damages for future

10   pecuniary losses.

11                                              94.

12        Plaintiff requests a declaration by this Court that Defendant violated ORS 659A.030,

13   that this Court require Defendant to provide discrimination training to Defendant employees,

14   that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory

15   practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its

16   utilization and enforcement, and any other equitable relief that this Court deems justified.

17                                              95.

18        As a result of Defendant's violations of ORS 659A.030, Plaintiff has suffered economic

19   damages not to exceed $200,000.00 and to be determined by a jury at the time of trial in

20   addition to non-economic damages not to exceed $795,000.00 and to be determined by a jury at

21   the time of trial as a result of Defendant's hostile work environment based upon Plaintiff's race.

22   Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable

23   relief and reasonable attorney fees and costs pursuant to ORS 659A.885 and ORS 20.107. To

24   the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of

**Law Office of Larry L. Linder, LLC**
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

1  judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date

2  the damage occurred until the date of judgment.

3  **FOURTH CLAIM AGAINST DAS – VIOLATION OF 42 U.S.C. § 2000e-2**

4  **Count 1 - Gender Discrimination (Disparate Treatment)**

5  96.

6  Plaintiff re-alleges paragraph 1-47. At all relevant times DAS employed at least 15 employees.

7  Under 42 U.S.C. § 2000e-2, "It shall be an unlawful employment practice for an employer to

8  fail to refuse to hire or discharge any individual, or otherwise to discriminate against any

9  individual with respect to his compensation, terms, conditions, or privileges of employment

10  because of such individual's race, color, religion, sex, or national origin."

11  97.

12  During the course of Plaintiff's employment with Defendant, Plaintiff suffered from

13  discrimination based on his gender.  Incidents of gender discrimination committed by

14  Defendant adversely affected Plaintiff's terms, conditions, and privileges of his employment in

15  violation of 42 U.S.C. § 2000e-2.

16  98.

17  Defendant discriminated against Plaintiff in the terms, conditions, and privileges of his

18  employment on the basis of his gender.  The State of Oregon/DAS has a pattern and practice of

19  discriminating against male employees at DAS on the basis of their gender, and Plaintiff was

20  subjected to this pattern and practice of discriminatory treatment.  DAS intentionally

21  discriminated against Plaintiff based on his gender (male) by implementing and enforcing the

22  2021 DEI Action Plan, State Disparity Study, and DEIB Council, which prioritized non-male

23  groups, resulting in adverse treatment in recruitment, hiring, promotion, and other employment

24  decisions that Plaintiff was subjected to.

**Page 28 –Complaint**

99.

The discrimination caused the damage alleged above. As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free from having his Constitutional rights violated. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

100.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

102.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-2, that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

103.

As a result of DAS's violations of 42 U.S.C. § 2000e-2, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of

///

**Page 29 –Complaint**

1    trial as a result DAS's discrimination of Plaintiff.  Plaintiff is entitled to recover his damages

2    and attorney's fees pursuant to 42 USC §2000e-5(k) and 42 U.S.C. § 1988.

3                      **Count 2 — Hostile Work Environment**

4                                    104.

5          Plaintiff re-alleges paragraphs 1-47. At all relevant times DAS employed at least 15

6    employees. During the course of Plaintiff's employment with DAS, Plaintiff suffered from

7    discrimination based on his gender. Incidents of gender discrimination committed by DAS

8    resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms,

9    conditions, and privileges of his employment in violation of 42 U.S.C. § 2000e-2(a).

10                                   105.

11         DAS's actions created a hostile work environment toward males that Plaintiff was

12   subjected to. DAS has a pattern and practice of creating a hostile work environment toward male

13   employees at DAS, and Plaintiff was subjected to this pattern and practice of discriminatory

14   treatment. DAS has implemented and enforced the 2021 DEI Action Plan, State Disparity Study,

15   and DEIB Council, which prioritized non-male groups, resulting in adverse treatment in

16   recruitment, hiring, promotion, and other employment decisions that Plaintiff was subjected to.

17                                   106.

18         DAS's hostile work environment, and the actions of its employees, as provided in the

19   paragraphs above, adversely affected Plaintiff's ability to perform his job, caused Plaintiff to

20   suffer emotional distress in the performance of his job, and resulted in tangible adverse

21   employment actions as alleged above.

22   ///

23   ///

24   ///

**Page 30 –Complaint**

107.

DAS's hostile work environment toward Plaintiff, because he is male, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief. As a result of DAS's conduct, Plaintiff suffered physical symptoms due to the harassing conduct.

108.

As a result of DAS's unlawful employment actions, Plaintiff suffered humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, past wages, past benefits, and other expenses.

109.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, and other compensatory damages.

111.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-2(a) , that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

///

///

**Page 31 –Complaint**

112.

As a result of DAS's violations of 42 U.S.C. § 2000e-2(a) due to its hostile work environment, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of trial as a result DAS's discrimination of Plaintiff. Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 USC §2000e-5(k) and 42 U.S.C. § 1988.

### Count 3 —Retaliation

113.

Plaintiff re-alleges paragraph 1-47. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to discriminate against an employee because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

114.

Plaintiff opposed conduct that he reasonably believed was discrimination and harassment based on his gender and was thereafter retaliated against for doing so.  DAS has a pattern and practice of discriminating and retaliating against male employees at DAS that oppose discrimination and/or make charges of discrimination, and Plaintiff was subjected to this pattern and practice of discriminatory treatment.  DAS retaliated against Plaintiff for engaging in protected activity as alleged above, that includes, but is not limited to, failing to promote Plaintiff to SCPO, failing to follow veteran preference statutes and policy, DAS's investigator focusing his investigation on Plaintiff's conduct and performance rather than the allegations of discrimination that Plaintiff raised, by investigating Plaintiff for misconduct on multiple

**Page 32 –Complaint**

occasions and issuing him a letter of instruction, providing Plaintiff negative employment references, requiring Plaintiff to attend weekly meetings With Dennis and Leslie, subjecting Plaintiff to increased scrutiny, and failing to follow required procedure in its investigatory process against Plaintiff.

115.

DAS's retaliation toward Plaintiff, because he opposed practices he reasonably believed were discriminatory, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to relief. As a result of DAS's conduct, Plaintiff suffered physical symptoms due to the harassing conduct and retaliation.

116.

As a result of DAS's unlawful employment actions, Plaintiff suffered humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, past wages, past benefits, and other expenses.

117.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

118.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, and other compensatory damages.

119.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-3(a), that this Court require DAS to provide discrimination training to DAS employees, that this Court

**Page 33 – Complaint**

1  require DAS to adopt effective procedures to ameliorate the discriminatory practices at DAS, that

2  this Court require Defendant to provide discrimination training to Defendant employees, that this

3  Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices

4  at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and

5  enforcement, and any other equitable relief that this Court deems justified.

6                                           120.

7        As a result of DAS's violations of 42 U.S.C. § 2000e-3(a), Plaintiff has suffered

8  economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial

9  and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the

10  time of trial as a result DAS's discrimination of Plaintiff.  Plaintiff is entitled to recover his

11  damages and attorney's fees pursuant to 42 USC §2000e-5(k) and 42 U.S.C. § 1988.

12                    **FIFTH CLAIM AGAINST DAS– VIOLATION OF ORS 659A.030**

13                             **Count 1 — Race (Disparate Treatment)**

14                                           121.

15        Plaintiff re-alleges paragraphs 1–47. According to ORS 659A.040, "It is unlawful

16  employment practice for an employer, because of an individual's race, religion, color, sex,

17  national origin, marital status or age if the individual is 18 years of age or older,… to

18  discriminated against such an individual in compensation or in terms, conditions, or privileges of

19  employment."  Discrimination committed by Defendant, as alleged above, affected Plaintiff's

20  employment opportunities, compensation, terms, conditions, and privileges of employment and

21  is a direct violation of this statute.

22                                           122.

23        During the course of Plaintiff's employment with DAS, Plaintiff suffered from

24  discrimination based on his gender.  Incidents of gender discrimination committed by DAS

**Page 34 –Complaint**

1  adversely affected Plaintiff's terms, conditions, and privileges of his employment in violation of

2  ORS 659A.030. Plaintiff was subjected to adverse employment actions including, but not limited

3  to investigating him, interfering with Plaintiff obtaining positions outside of DAS,  holding him

4  to different standards than similarly situated minority employees, and issuing him a written

5  reprimand, and denying him the SCPO position.

6                                                    123.

7       DAS discriminated against Plaintiff in the terms, conditions, and privileges of his

8  employment on the basis of his race.  The State of Oregon/DAS has a pattern and practice of

9  discriminating against male employees at DAS on the basis of their race, and Plaintiff was

10  subjected to this pattern and practice of discriminatory treatment.    DAS intentionally

11  discriminated against Plaintiff based on his race (Caucasian) by implementing and enforcing the

12  2021 DEI Action Plan, State Disparity Study, and DEIB Council, which prioritized non-

13  Caucasian groups, resulting in adverse treatment in recruitment, hiring, promotion, and other

14  employment decisions that Plaintiff was subjected to.

15                                                    124.

16       Defendant's treatment of Plaintiff constituted discrimination against Plaintiff in violation

17  of ORS 659A.030(b).

18                                                    125.

19       As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues

20  to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to

21  be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also

22  suffered, and continues to suffer, economic damages, including, but not limited to, past and

23  future wages, past and future benefits, and other expenses.

24  ///

**Page 35 –Complaint**

126.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

127.

Plaintiff is entitled to equitable relief as defined by ORS 659A.885(1) of an award of back pay, lost benefits, future lost earnings and benefits, other compensatory damages for future pecuniary losses, and any other equitable relief this Court deems just and proper.

128.

Plaintiff requests a declaration by this Court that Defendant violated ORS 659A.030, that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

129.

As a result of Defendant's violations of ORS 659A.030, Plaintiff requests equitable relief, economic damages in an amount not to exceed $200,000.00 and to be determined by a jury at the time of trial for back pay, benefits, and front pay, and compensatory damages not to exceed $795,000.00 and to be determined by a jury at the time of trial. To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

///

///

**Page 36 –Complaint**

130.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**Count 2 – Retaliation**

131.

Plaintiff realleges paragraphs 1-47. According to ORS 659A.030(1)(f) it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so. Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, and privileges of employment and is a direct violation of this statute.

132.

Plaintiff suffered from retaliation based on his good faith report of race discrimination as described in the paragraphs above. DAS retaliated against Plaintiff for engaging in protected activity as alleged above, that includes, but is not limited to, failing to promote Plaintiff to SCPO, failing to follow veteran preference statutes and policy, DAS's investigator focusing his investigation on Plaintiff's conduct and performance rather than the allegations of discrimination that Plaintiff raised, by investigating Plaintiff for misconduct on multiple occasions and issuing him a letter of instruction, providing Plaintiff negative employment references, requiring Plaintiff to attend weekly meetings With Dennis and Leslie, subjecting Plaintiff to increased scrutiny, and failing to follow required procedure in its investigatory process against Plaintiff. Defendant's employees' retaliation toward Plaintiff negatively

///

**Page 37 –Complaint**

1  affected his compensation, terms, conditions, and privileges of employment in violation of ORS

2  659A.030(1)(f).

3                                          133.

4      Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for

5  emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

6  non-pecuniary losses.

7                                          134.

8      Plaintiff is entitled to equitable relief as defined by ORS 659A.885(1) of an award of

9  back pay, lost benefits, future lost earnings and benefits, other compensatory damages for future

10 pecuniary losses, and any other equitable relief this Court deems just and proper.

11                                         135.

12     Plaintiff requests a declaration by this Court that Defendant violated ORS 659A.030,

13 that this Court require Defendant to provide discrimination training to Defendant employees,

14 that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory

15 practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its

16 utilization and enforcement, and any other equitable relief that this Court deems justified.

17                                         136.

18     As a result of Defendant's violations of ORS 659A.030, Plaintiff requests equitable

19 relief, economic damages in an amount not to exceed $200,000.00 and to be determined by a

20 jury at the time of trial for back pay, benefits, and front pay, and compensatory damages not to

21 exceed $795,000.00 and to be determined by a jury at the time of trial. To the extent that any

22 amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is

23 entitled to an award of prejudgment interest at the legal rate from the date the damage occurred

24 until the date of judgment.

**Page 38 –Complaint**

137.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

### Count 3: Race Discrimination (Hostile Work Environment)

138.

Plaintiff realleges paragraphs 1-47.  According to ORS 659A.030(1)(b) it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."  Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

139.

Defendant discriminated against Plaintiff based upon his race and color. Defendant's actions, and the actions of its employees, created a hostile work environment toward Caucasians that Plaintiff was subjected to. Defendant's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform his job and caused Plaintiff to suffer emotional distress in the performance of his job in violation of ORS 659A.030.

140.

As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights.  Plaintiff

///

**Page 39 –Complaint**

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

1   has also suffered, and continues to suffer economic damages, including, but not limited to, past

2   and future wages, past and future benefits, and other expenses.

3                                          141.

4        Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for

5   emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

6   non-pecuniary losses.

7                                          142.

8        Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay,

9   lost benefits, future lost earnings and benefits, and other compensatory damages for future

10  pecuniary losses.

11                                         143.

12       Plaintiff requests a declaration by this Court that Defendant violated ORS 659A.030,

13  that this Court require Defendant to provide discrimination training to Defendant employees,

14  that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory

15  practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its

16  utilization and enforcement, and any other equitable relief that this Court deems justified.

17                                         144.

18       As a result of Defendant's violations of ORS 659A.030, Plaintiff has suffered economic

19  damages not to exceed $200,000.00 and to be determined by a jury at the time of trial in

20  addition to non-economic damages not to exceed $795,000.00 and to be determined by a jury at

21  the time of trial as a result of Defendant's hostile work environment based upon Plaintiff's race.

22  Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable

23  relief and reasonable attorney fees and costs pursuant to ORS 659A.885 and ORS 20.107. To

24  the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of

**Page 40 –Complaint**

1   judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date

2   the damage occurred until the date of judgment.

3   ### SIXTH CLAIM AGAINST DAS – VIOLATION OF 42 U.S.C. § 2000e-2

4   ### Count 1 - Race Discrimination

5                                       145.

6       Plaintiff re-alleges paragraph 1-47. Under 42 U.S.C. § 2000e-2, "It shall be an unlawful

7   employment practice for an employer to fail to refuse to hire or discharge any individual, or

8   otherwise to discriminate against any individual with respect to his compensation, terms,

9   conditions, or privileges of employment because of such individual's race, color, religion, sex, or

10  national origin."

11                                      146.

12      During the course of Plaintiff's employment with Defendant, Plaintiff suffered from

13  discrimination based on his race.  Incidents of race discrimination committed by Defendant

14  adversely affected Plaintiff's terms, conditions, and privileges of his employment in violation of

15  42 U.S.C. § 2000e-2.

16                                      147.

17      Defendant discriminated against Plaintiff in the terms, conditions, and privileges of his

18  employment on the basis of his gender.  The State of Oregon/DAS has a pattern and practice of

19  discriminating against Caucasian employees at DAS on the basis of their race, and Plaintiff was

20  subjected to this pattern and practice of discriminatory treatment.  DAS intentionally

21  discriminated against Plaintiff based on his race (Caucasian) by implementing and enforcing the

22  2021 DEI Action Plan, State Disparity Study, and DEIB Council, which prioritized non-male

23  groups, resulting in adverse treatment in recruitment, hiring, promotion, and other employment

24  decisions that Plaintiff was subjected to.

**Page 41 –Complaint**

148.

The constitutional violation caused the damage alleged above.  As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free from having his Constitutional rights violated.  Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

149.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

150.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

151.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-2.

152.

As a result of Defendant Leslie and Defendant Dennis's violations of 42 U.S.C. § 2000e-2, Plaintiff has suffered economic damages not to exceed $ and to be determined by a jury at the time of trial and non-economic damages not to exceed $ and to be determined at by a jury at the time of trial as a result Defendant Leslie and Defendant Dennis's violation of Plaintiff's Constitutional rights.  Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 U.S.C. 2000e-5, and to appropriate injunctive relief.

///

///

**Page 42 –Complaint**

## Count 2 - Hostile Work Environment

153.

Plaintiff re-alleges paragraphs 1-47. At all relevant times DAS employed at least 15 employees. During the course of Plaintiff's employment with DAS, Plaintiff suffered from discrimination based on his gender. Incidents of gender discrimination committed by DAS resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of his employment in violation of 42 U.S.C. § 2000e-2(a).

154.

DAS's actions created a hostile work environment toward Caucasians that Plaintiff was subjected to. DAS has a pattern and practice of creating a hostile work environment toward Caucasian employees at DAS, and Plaintiff was subjected to this pattern and practice of discriminatory treatment. DAS has implemented and enforced the 2021 DEI Action Plan, State Disparity Study, and DEIB Council, which prioritized non-Caucasian groups, resulting in adverse treatment in recruitment, hiring, promotion, and other employment decisions that Plaintiff was subjected to.

155.

DAS's hostile work environment, and the actions of its employees, as provided in the paragraphs above, adversely affected Plaintiff's ability to perform his job, caused Plaintiff to suffer emotional distress in the performance of his job, and resulted in tangible adverse employment actions as alleged above.

156.

DAS's hostile work environment toward Plaintiff, because he is Caucasian, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief. As a result of DAS's conduct, Plaintiff suffered physical symptoms due to the harassing conduct.

**Page 43 – Complaint**

157.

As a result of DAS's unlawful employment actions, Plaintiff suffered humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, past wages, past benefits, and other expenses.

158.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

159.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, and other compensatory damages.

160.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-2(a) , that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and enforcement, and any other equitable relief that this Court deems justified.

161.

As a result of DAS's violations of 42 U.S.C. § 2000e-2(a) due to its hostile work environment, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of trial as a result DAS's discrimination of Plaintiff.

**Page 44 –Complaint**

1  Plaintiff is entitled to recover his damages and attorney's fees pursuant to 42 USC §2000e-5(k)

2  and 42 U.S.C. § 1988.

### Count 3 – Retaliation

3

4  162.

5  Plaintiff re-alleges paragraph 1-47. 42 U.S.C. § 2000e-3 provides that it is an unlawful

6  employment practice for an employer to discriminate against an employee because he has

7  opposed any practice made an unlawful employment practice by this subchapter, or because he

8  has made a charge, testified, assisted, or participated in any manner in an investigation,

9  proceeding, or hearing under this subchapter.

10  163.

11  Plaintiff opposed conduct that he reasonably believed was discrimination and harassment

12  based on his race and was thereafter retaliated against for doing so.  DAS has a pattern and

13  practice of discriminating and retaliating against Caucasian employees at DAS that oppose

14  discrimination and/or make charges of discrimination, and Plaintiff was subjected to this pattern

15  and practice of discriminatory treatment.  DAS retaliated against Plaintiff for engaging in

16  protected activity as alleged above, that includes, but is not limited to, failing to promote Plaintiff

17  to SCPO, failing to follow veteran preference statutes and policy, DAS's investigator focusing

18  his investigation on Plaintiff's conduct and performance rather than the allegations of

19  discrimination that Plaintiff raised, by investigating Plaintiff for misconduct on multiple

20  occasions and issuing him a letter of instruction, providing Plaintiff negative employment

21  references, requiring Plaintiff to attend weekly meetings With Dennis and Leslie, subjecting

22  Plaintiff to increased scrutiny, and failing to follow required procedure in its investigatory

23  process against Plaintiff.

24  ///

**Page 45 –Complaint**

164.

DAS's retaliation toward Plaintiff, because he opposed practices he reasonably believed were discriminatory, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to relief. As a result of DAS's conduct, Plaintiff suffered physical symptoms due to the harassing conduct and retaliation.

165.

As a result of DAS's unlawful employment actions, Plaintiff suffered humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, past wages, past benefits, and other expenses.

166.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

167.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, and other compensatory damages.

168.

Plaintiff requests a declaration by this Court that DAS violated 42 U.S.C. § 2000e-3(a), that this Court require DAS to provide discrimination training to DAS employees, that this Court require DAS to adopt effective procedures to ameliorate the discriminatory practices at DAS, that this Court require Defendant to provide discrimination training to Defendant employees, that this Court require Defendant to adopt effective procedures to ameliorate the discriminatory practices

**Law Office of Larry L. Linder, LLC**
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F) (503)585-1834
info@salememploymentlawyer.com

1  at Defendant, removal of DAS's 2021 DEI Action Plan and prohibition of its utilization and

2  enforcement, and any other equitable relief that this Court deems justified.

3  169.

4  As a result of DAS's violations of 42 U.S.C. § 2000e-3(a), Plaintiff has suffered economic

5  damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-

6  economic damages not to exceed $795,000.00 and to be determined at by a jury at the time of

7  trial as a result DAS's discrimination of Plaintiff.  Plaintiff is entitled to recover his damages

8  and attorney's fees pursuant to 42 USC §2000e-5(k) and 42 U.S.C. § 1988.

9  **SEVENTH CLAIM AGAINST DAS–WHISTLEBLOWING**

10  **Count 1 - (Violation of ORS 659A.199 )**

11  170.

12  Plaintiff re-alleges paragraph 1-47. According to ORS 659A.199, "It is an unlawful

13  employment practice for an employer to discharge, demote, suspend or in any manner

14  discriminate or retaliate against an employee with regard to promotion, compensation or other

15  terms, conditions or privileges of employment for the reason that the employee has in good faith

16  reported information that the employee believes is evidence of a violation of a state or federal

17  law, rule or regulation."

18  171.

19  DAS is a public employer pursuant to ORS 659A.199.

20  172.

21  Plaintiff made complaints as alleged above that Plaintiff reasonably believed were

22  evidence of violations of state or federal law, rule or regulation, in his March 4, 2024, complaint

23  to DAS and October 2, 2024 tort claims notice.

24  ///

**Page 47 –Complaint**

173.

Plaintiff was retaliated against for engaging in this protected activity as alleged above. DAS retaliated against Plaintiff for engaging in protected activity as alleged above, that includes, but is not limited to, failing to promote Plaintiff to SCPO, failing to follow veteran preference statutes and policy, DAS's investigator focusing his investigation on Plaintiff's conduct and performance rather than the allegations of discrimination that Plaintiff raised, by investigating Plaintiff for misconduct on multiple occasions and issuing him a letter of instruction, providing Plaintiff negative employment references, requiring Plaintiff to attend weekly meetings With Dennis and Leslie, subjecting Plaintiff to increased scrutiny, and failing to follow required procedure in its investigatory process against Plaintiff. The actions of DAS constitute a violation of ORS 659A.199.

174.

As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interferences with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

175.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

///

///

///

**Page 48 –Complaint**

176.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for further pecuniary losses.

177.

Plaintiff requests a declaration by this Court that DAS violated ORS 659A.199 in addition to any other equitable relief that this Court deems proper.

178.

As a result of DAS's violations of ORS 659A.199, Plaintiff requests equitable relief, economic damages not to exceed $200,000.00 including back pay, benefits, and front pay, and compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. Plaintiff requests his disbursements in bringing this action.

179.

Pursuant to ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**Count 2 - Violation of 659A.203**

180.

Plaintiff re-alleges paragraphs 1-47. According to ORS 659A.203(1)(b), "it is an unlawful employment practice for any public employer to prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of a violation of any federal or state law, rule or regulations by the state, agency or political subdivision" or "mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision."

**Page 49 –Complaint**

1  According to ORS 659A.203(1)(d), it is also an unlawful employment practice to "discourage,

2  restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions described

3  in this section." ORS 659A.203(2) continues, "No public employer shall invoke or impose any

4  disciplinary action against an employee for employee activity described in subsection (1) of this

5  section or ORS 659A.212."

6                                          181.

7       DAS is a public employer pursuant to ORS 659A.200 *et seq.*

8                                          182.

9       Plaintiff disclosed information that he reasonably believed was evidence of violations of

10 federal law, state law, rule, the city Charter, and regulations, which included, but were not

11 limited to, disclosures of mismanagement, abuse of authority, gross waste of funds, and

12 substantial and specific danger to public health and safety. DAS threatened to take and took

13 disciplinary action against Plaintiff in retaliation for the disclosures. In addition, DAS subjected

14 Plaintiff to a hostile work environment in retaliation for the disclosures. DAS also discouraged,

15 restrained, dissuaded, coerced, prevented and otherwise interfered with Plaintiff's disclosures

16 and discussions. DAS retaliated against Plaintiff for engaging in protected activity as alleged

17 above, that includes, but is not limited to, failing to promote Plaintiff to SCPO, failing to follow

18 veteran preference statutes and policy, DAS's investigator focusing his investigation on

19 Plaintiff's conduct and performance rather than the allegations of discrimination that Plaintiff

20 raised, by investigating Plaintiff for misconduct on multiple occasions and issuing him a letter of

21 instruction, providing Plaintiff negative employment references, requiring Plaintiff to attend

22 weekly meetings With Dennis and Leslie, subjecting Plaintiff to increased scrutiny, and failing to

23 follow required procedure in its investigatory process against Plaintiff.

24 ///

**Page 50 –Complaint**

183.

As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

184.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

185.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

186.

Plaintiff requests a declaration by this Court that DAS violated ORS 659A.203, that this Court require DAS to provide discrimination training to DAS employees, that this Court require DAS to adopt effective procedures to ameliorate the discriminatory practices at DAS, and any other equitable relief that this Court deems justified.

187.

As a direct and proximate result of DAS's violations of ORS 659A.203, Plaintiff has suffered economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and non-economic damages not to exceed $795,000.00 and to be determined at by a

///

**Page 51 –Complaint**

1   jury at the time of trial as a result of DAS's Whistleblowing Discrimination in addition to

2   equitable relief and reasonable attorney fees and costs pursuant to ORS 659A.885.

3                    **EIGHTH CLAIM DAS – VIOLATION OF ORS 408.230**

4                        **Count 1 – Veteran Preference Violation**

5                                        188.

6          Plaintiff re-alleges paragraph 1-47. According to ORS 408.230, "A public employer shall

7   grant a preference to a veteran or disabled veteran who applies for a vacant civil service position

8   or seeks promotion to a civil service position with a higher maximum salary rate and who meets

9   the minimum qualifications and any special qualifications for the position."

10                                       189.

11         DAS is a public employer pursuant to ORS 408.230.

12                                       190.

13         Plaintiff is a disabled veteran that applied for the position of SCPO.  Plaintiff did not

14  receive veteran preference when applying for this promotional opportunity with DAS.

15                                       191.

16         Due to DAS's failure to provide Plaintiff veteran preference as a disabled veteran, he was

17  not selected for the SCPO position.  Pursuant to DAS State HR Policy 40.055.04(3)(g), On or

18  about March 4, 2024, Plaintiff requested the reasons for him not receiving the position.  The only

19  response that DAS provided was that Plaintiff did not request veteran preference.  Pursuant to

20  DAS State HR Policy 40.055.04(2) and 40.055.04(3)(e), veteran preference is required at each

21  stage of the selection process and it is mandatory.  The actions of DAS constitute a violation of

22  ORS 408.230.

23  ///

24  ///

**Page 52 –Complaint**

192.

As a result of DAS's unlawful employment actions, Plaintiff has suffered, and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

193.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for further pecuniary losses.

194.

Plaintiff requests a declaration by this Court that DAS violated ORS 408.230 in addition to any other equitable relief that this Court deems proper.

195.

As a result of DAS's violations of ORS 408.230, Plaintiff requests equitable relief, economic damages not to exceed $200,000.00 including back pay, benefits, and front pay to be determined by the Court at the time of trial.

196.

Pursuant to ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

## NINTH CLAIM AGAINST DAS – VIOLATION OF ORS 659A.082 (VETERAN DISCRIMINATION)

197.

Plaintiff re-alleges paragraph 1-47. According to ORS 659A.082, "It is an unlawful employment practice for an employer to discriminate against a person because of the person's service in a uniformed service denying any of the following because a person is a member of,

**Page 53 –Complaint**

1  applies to be a member of, performs, has performed, applies to perform or has an obligation to

2  perform service in a uniformed service, initial employment; reemployment following a leave

3  from employment taken by reason of service in a uniformed service, retention in employment;

4  promotion; or any other term, condition, or privilege of employment, including but not limited to

5  compensation ."

6                                    198.

7        DAS is a public employer pursuant to ORS 659A.082.

8                                    199.

9        DAS showed discriminatory animus towards veterans in its State Disparity Study by

10  removing veterans from the study completely.  Plaintiff reasonably believed that the exclusion of

11  veterans from this study was discriminatory.  Plaintiff engaged in protected activity expressing

12  opposition to veterans removal from the study.

13                                   200.

14        Plaintiff was discriminated against by DAS when both Smith and Dennis when they

15  made statements to Plaintiff negatively associating his communication style with his veteran

16  status, and also indicating that veterans are taught to harm others.  Both Smith and Dennis

17  resented Plaintiff for his military service.  Throughout Plaintiff's employment, Dennis has made

18  disparaging statements about Plaintiff's veteran status.  Plaintiff has been treated disparately due

19  to his veteran status.  Plaintiff was not chosen for the position of SCPO due to his veteran status.

20                                   201.

21        Plaintiff reported that he was discriminated by both Dennis and Smith due to his veteran

22  status and engaged in protected activity as alleged above.  DAS continued allowing the hostile

23  work environment towards Plaintiff based on his veteran status as well as retaliation for reporting

24  the discrimination as alleged above.

**Page 54 –Complaint**

202.

As a result of DAS's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interferences with Plaintiff's statutory rights.  Plaintiff has also suffered, and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

203.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

204.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for further pecuniary losses.

205.

Plaintiff requests a declaration by this Court that DAS violated ORS 659A.082 in addition to any other equitable relief that this Court deems proper.  To wit: all executive staff and management must undergo training to make its workplace a more welcoming experience for the marginalized and under-served community of veterans.  Its emphasis should be create an inclusive environment for veterans and to learn how the systems of oppression within State agencies marginalize this group.

206.

As a result of DAS's violations of ORS 659A.082, Plaintiff requests equitable relief, economic damages not to exceed $200,000.00 including back pay, benefits, and front pay, and

**Page 55 –Complaint**

1  compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of

2  trial.  Plaintiff requests his disbursements in bringing this action.

3                                                    207.

4          Pursuant to ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs,

5  expert witness fees, and disbursements in this action.

6          **TENTH CLAIM AGAINST DAS – VIOLATION OF 38 U.S.C. § 4311 (USERRA**

7                                            **DISCRIMINATION)**

8                                                    208.

9          Plaintiff re-alleges paragraph 1-47. Under 38 U.S.C. § 4311, "Discrimination against

10  person who serve in the uniformed services and acts of reprisal prohibit" when "a person who is

11  a member of, applies to be a member or, performs, has performed, applies to perform, or has an

12  obligation to perform service in a uniformed service shall not be denied initial employment,

13  reemployment, retention in employment, promotion, or any benefit of employment by an

14  employer on the basis that membership, application for membership, performance of service,

15  application or obligation."  "An employer shall be considered to have denied a person initial

16  employment, reemployment, retention in employment, promotion, or a benefit of employment in

17  violation of this section if the person's membership, application for membership, service,

18  application for service, or obligation for service in the uniformed services is a motivating factor

19  in the employer's action, unless the employer can prove that the action would have been taken in

20  the absence of such membership, application for membership, performance of service,

21  application for service, or obligation."

22                                                    209.

23          Plaintiff, a disabled veteran, was denied equal employment opportunities due to his

24  military service and veteran status, in violation of USERRA.  Plaintiff was denied the position of

**Page 56 –Complaint**

1  SCPO due to his veteran status.  Plaintiff was subjected to a hostile work environment due to his

2  veteran status, and he was retaliated against for activity protected by 38 U.S.C. § 4311.

3                                              210.

4          The constitutional violation caused the damage alleged above.  As a result of DAS's

5  unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, distress, and

6  impairment of Plaintiff's personal dignity and right to be free from having his Constitutional

7  rights violated.    Plaintiff has also suffered, and continues to suffer, economic damages,

8  including, but not limited to, past and future wages, past and future benefits, and other expenses.

9                                              211.

10          Plaintiff is entitled to liquidated damages in the amount of his lost wages or $50,000.00

11  whichever is greater pursuant to 38 U.S. Code § 4323.

12                                              212.

13          Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay,

14  lost benefits, future lost earnings, and other compensatory damages for pecuniary losses.

15                                              213.

16          Plaintiff requests a declaration by this Court that DAS violated 38 U.S.C. § 4311.

17                                              214.

18          As a result of DAS's violations of 38 U.S. Code § 4311, Plaintiff has suffered economic

19  damages not to exceed $200,000.00 and to be determined by a jury at the time of trial and

20  liquidated damages in an equal amount to be determined at by a jury at the time of trial.

21  Plaintiff is entitled to recover his damages and attorney's fees pursuant to 38 U.S.C. § 4323, and

22  § 4316, and to appropriate injunctive relief.

23  ///

24  ///

**Page 57 –Complaint**

1      **ELEVENTH CLAIM AGAINST DAS-VIOLATION OF ORS 659A.112 (DISABILITY**

2                                    **DISCRIMINATION)**

3                                         215.

4          Plaintiff re-alleges paragraphs 1-47. Pursuant to ORS 659A.112, "It is an unlawful

5      employment practice for any employer to refuse to hire, employ, or promote, to bar or discharge

6      from employment or to discriminate in compensation or in terms, conditions or privileges of

7      employment because an otherwise qualified person is disabled."  Plaintiff was substantially

8      limited in major life activities regarding interacting with others, regulating emotions,

9      concentration, and sleeping when suffering from PTSD, Plaintiff had a record of disability, and

10     DAS regarded him as disabled.  DAS's discrimination denied Plaintiff compensation, and

11     adversely effected the terms, conditions, and privileges of employment, culminating in his

12     termination of employment, all of which violate the statute.

13                                         216.

14         DAS violated ORS 659A.112 by discriminating in the compensation, terms, conditions,

15     and privileges of Plaintiff's employment, including, but not limited to, Dennis using language

16     towards Plaintiff that was substantially likely, and/or intended, to trigger his symptoms of PTSD,

17     making intentionally inaccurate allegations of misconduct against Plaintiff and investigating for

18     those allegations, making personal attacks on Plaintiff's character and integrity, and not

19     promoting Plaintiff to the position of SCPO due to his disability.  In addition, DAS subjected

20     Plaintiff to a hostile work environment based on his disability and retaliated against him for

21     opposing conduct that he reasonably believed was discriminatory. DAS's actions constitute a

22     violation of ORS 659A.112.

23     ///

24     ///

**Page 58 – Complaint**

217.

As a result of DAS's disability discrimination, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

218.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

219.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

220.

Plaintiff requests a declaration by this Court that DAS violated ORS 659A.112 in addition to any other equitable relief that this Court deems proper.

221.

As a result of DAS's disability discrimination, Plaintiff is entitled to equitable relief, economic damages not to exceed $200,000.00 and to be determined by a jury at the time of trial for back pay, benefits, and front pay, and compensatory damages not to exceed $795,000.00 and to be determined by a jury at the time of trial. To the extent that any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award

///

**Page 59 –Complaint**

of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

222.

Pursuant to ORS 659A.885, Plaintiff is entitled to his reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**WHEREFORE**, Plaintiff requests the following for his claims for relief:

**First Claim for Relief Against Berri Leslie and Debbie Dennis:**  Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial.  In accordance with 42 U.S.C. § 1981, and § 1988, Plaintiff requests his reasonable attorney fees and costs in this action.

**Second Claim for Relief Against Berri Leslie and Debbie Dennis:**  Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial.  In accordance with 42 U.S.C. § 1981, and § 1988, Plaintiff requests his reasonable attorney fees and costs in this action.

**Third Claim for Relief Against DAS:**  Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. In accordance with ORS 20.107 and ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

**Fourth Claim for Relief Against DAS:**  Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time

Law Office of Larry L. Linder, LLC
3000 Market Street NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (f) (503)585-1834
info@salememploymentlawyer.com

of trial. In accordance with 42 U.S.C. § 1981, and § 1988, Plaintiff requests his reasonable attorney fees and costs in this action.

**Fifth Claim for Relief Against DAS:** Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. In accordance with ORS 20.107 and ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

**Sixth Claim for Relief Against DAS:** Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. In accordance with 42 U.S.C. § 1981, and § 1988, Plaintiff requests his reasonable attorney fees and costs in this action.

**Seventh Claim for Relief Against DAS:** Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. In accordance with ORS 20.107 and ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

**Eighth Claim for Relief Against DAS:** Plaintiff requests equitable relief and economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, all to be determined by the Court at the time of trial. In accordance with ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

**Ninth Claim for Relief Against DAS:** Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of

**Page 61 –Complaint**

trial. In accordance with ORS 20.107 and ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

**Tenth Claim for Relief Against DAS:**  Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to liquidated damages in an equal amount to be determined by a jury at the time of trial. In accordance with 38 U.S.C. § 4323, and § 4316, Plaintiff requests his reasonable attorney fees and costs in this action.

**Eleventh Claim for Relief Against DAS:**   Plaintiff requests equitable relief, economic damages in the amount not to exceed $200,000.00 including back pay, benefits, and front pay, in addition to compensatory damages not to exceed $795,000.00, all to be determined by a jury at the time of trial. In accordance with ORS 20.107 and ORS 659A.885, Plaintiff requests his reasonable attorney fees and costs in this action.

DATED this 12th day of September, 2025.

  /s/Larry L. Linder
Larry L. Linder        OSB #010724
Richard Bosanko        OSB #160962
Attorneys for Plaintiff
Law Office of Larry L. Linder, LLC
3000 Market St. NE, Suite 150
Salem, Oregon 97301
Telephone: (503)585-1804
Facsimile: (503)585-1834
info@salememploymentlawyer.com

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET STREET NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804 (F) (503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

## RETURN OF SERVICE

**State of Oregon**                **County of Marion**                **Circuit Court**

Case Number: 25CV50484

Plaintiff: **DARWIN KUMPULA,**
vs.
Defendant: **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, an Agency of the State of Oregon, BERRI LESLIE, an individual, and DEBRA "DEBBIE" DENNIS, an individual,**

For:
Larry L. Linder
Law Office Of Larry L. Linder, LLC
3000 Market St, NE, Suite 150
Salem, OR 97303

Received by Willamette Valley Processors LLC on the 24th day of October, 2025 at 11:48 am to be served on **Berri Leslie Chief Operating Officer, Oregon Department Of Justice, 1162 Court St. NE, Salem, OR 97301.**

I, Viola Rodriguez, do hereby affirm that on the **24th day of October, 2025** at 2:25 pm, I:

**GOVERNMENT AGENCY:**  served by delivering a true copy of the **Summons to Berri Leslie; Complaint; Plaintiff's First Request for Production to Defendant Berri Leslie; Case Assignment**  to: **Sheryl Spaniol as Clerk On Duty** for **Berri Leslie Chief Operating Officer,**  in compliance with State Statutes.

I declare under penalty of perjury that I am a resident of the State of Oregon.  I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein.  I certify that the person, firm, or corporation served is the identical one named in this action.  I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.

I hereby declare that the above statement is true to the best of my knowledge and belief and that it is made for use as evidence in court and is subject to penalty for perjury is true.

**Viola Rodriguez**
Process Server          10/28/2025
**Date**

**Willamette Valley Processors LLC**
**6125 Woodside Dr SE**
**Salem, OR 97306**
**(541) 250-9654**

Our Job Serial Number: WVP-2025001807



# RETURN OF SERVICE

**State of Oregon**                    **County of Marion**                    **Circuit Court**

Case Number: 25CV50484

Plaintiff: **DARWIN KUMPULA,**
vs.
Defendant: **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, an Agency of the State of Oregon, BERRI LESLIE, an individual, and DEBRA "DEBBIE" DENNIS, an individual,**

For:
Larry L. Linder
Law Office Of Larry L. Linder, LLC
3000 Market St, NE, Suite 150
Salem, OR 97303

Received by Willamette Valley Processors LLC on the 24th day of October, 2025 at 11:48 am to be served on **Attorney General Dan Rayfield, Oregon Department Of Justice, 1162 Court St. Ne, Salem, OR 97301.**

I, Viola Rodriguez, do hereby affirm that on the **24th day of October, 2025** at 2:25 pm, I:

**GOVERNMENT AGENCY:** served by delivering a true copy of the **Summons; Complaint; Plaintiff's First Request for Production to the Oregon Department of Administrative Services; Case Assignment** to: **Sheryl Spaniol** as Clerk On Duty for **Attorney General Dan Rayfield,** in compliance with State Statutes.

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.

I hereby declare that the above statement is true to the best of my knowledge and belief and that it is made for use as evidence in court and is subject to penalty for perjury is true.



**Viola Rodriguez**
Process Server                    10/28/2025
**Date**

**Willamette Valley Processors LLC**
**6125 Woodside Dr SE**
**Salem, OR 97306**
**(541) 250-9654**

Our Job Serial Number: WVP-2025001806

## RETURN OF SERVICE

**State of Oregon**                    **County of Marion**                              **Circuit Court**

Case Number: 25CV50484

Plaintiff: **DARWIN KUMPULA,**
vs.
Defendant: **OREGON DEPARTMENT OF
ADMINISTRATIVE SERVICES, an
Agency of the State of Oregon, BERRI
LESLIE, an individual, and DEBRA
"DEBBIE" DENNIS, an individual,**

For:
Larry L. Linder
Law Office Of Larry L. Linder, LLC
3000 Market St, NE, Suite 150
Salem, OR 97303

Received by Willamette Valley Processors LLC on the 24th day of October, 2025 at 11:48 am to be served on **Debra Dennis, 325 Tillicum Drive, Silverton, OR 97318**.

I, Karlene Gander, do hereby affirm that on the **31st day of October, 2025** at **10:15 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **Summons to Debra Dennis; Complaint; Plaintiff's First Request for Production to Defendant Debra Dennis; Case Assignment** to: **Debra Dennis** at the address of: **325 Tillicum Drive, Silverton, OR 97318**

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.

I hereby declare that the above statement is true to the best of my knowledge and belief and that it is made for use as evidence in court and is subject to penalty for perjury is true.

**Karlene Gander**
Process Server
11/1/2025
**Date**

**Willamette Valley Processors LLC
6125 Woodside Dr SE
Salem, OR 97306
(541) 250-9654**

Our Job Serial Number: WVP-2025001808

